**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JASON HANDS,

    Plaintiff,

v.                                         Case No. _____

EQUIFAX INFORAMTION SERVICES, LLC

    Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Jason Hands sues Defendant Equifax Information Services, LLC and alleges:

**Introduction**

1. This is an action alleging Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) by refusing to remove a credit security freeze upon Plaintiff's request.

2. The FCRA creates a private right of action against a consumer reporting agency for the negligent, 15 U.S.C. § 1681o, or willful, 15 U.S.C. § 1681n, violation of any duty imposed by the FCRA. *Alexander v. Certegy Check Servs.*, No. 8:16-CV-859-17JSS, 2016 U.S. Dist. LEXIS 180072, at *5 (M.D. Fla. Dec. 29, 2016) (*citing Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015)).

3. Plaintiff seeks entry of judgment, actual damages, statutory damages, punitive damages, costs, and attorneys' fees. 15 U.S.C. §§ 1681n; 1681o.

**Jurisdiction, Venue and Parties**

4. This Court has original jurisdiction over Plaintiff's claims arising under the FCRA pursuant to 15 U.S.C. § 1681p.

1

5. Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Florida, this suit arises out of Defendant's specific conduct with Plaintiff in Florida, and Plaintiff was injured in Florida.

6. Venue is appropriate in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in Hillsborough County, Florida.

7. Plaintiff is a natural person residing in Hillsborough County, Florida.

8. At all times relevant, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Defendant (or "Equifax") is a foreign corporation formed in the State of Georgia and authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Suite 105, Tallahassee, Florida 32301.

10. At all times relevant, Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

**Factual Allegations**

11. On August 28, 2018, Defendant sent Plaintiff correspondence that stated in part that his credit file had been blocked for promotional purposes. Plaintiff requested that the block be removed.

12. In September 2018, Plaintiff's lender attempted to pull his credit and discovered that Plaintiff's credit information from Equifax was blocked. The only information Equifax would provide was the notation "Hit Level: Suppressed".

13. On September 26, 2018, Plaintiff called Equifax to request that the suppression and/or freeze on his credit report be removed. Plaintiff explained that his lender was unable to

pull his report because of a suppression and/or freeze Equifax placed on his credit file. Plaintiff spent more than two hours on the phone with Equifax trying to resolve the issue to no avail.

14. On September 27, 2018, Plaintiff filed a complaint with the Consumer Financial Protection Bureau (CFPB) asking that the CFBP have Defendant remove the security freeze from his account.  A copy of that complaint is attached as **Exhibit 1**.

15. On October 3, 2018, Defendant sent Plaintiff correspondence indicating that his file had been blocked for promotional purposes.

16. On October 9, 2018, Plaintiff received a status update from the CFPB indicating that Equifax was "still working on" addressing his complaint filed on September 27, 2018.

17. On October 21, 2018, Defendant sent Plaintiff correspondence that stated "We have reviewed your concerns and our conclusions are:  Please be advised that there is not an active security freeze reporting on your Equifax credit file."

18. On November 1, 2018, Plaintiff pulled his tri-merge credit report again, and saw that Defendant's report was still blocked. Defendant was not reporting his credit information. The only information was "Hit Level: Suppressed".

19. On November 2, 2018, Defendant sent Plaintiff a letter that stated "the promotional block has been removed from your file as requested."

20. On November 2, 2018, Plaintiff also received correspondence from Defendant in response to his September 27, 2018 CFPB complaint.  It was clear from Defendant's response that Equifax did not read Plaintiff's complaint or do anything to address it:

> "Thank you for submitting your complaint on 09/27/2018, through the CFPB Complaint Portal. We have reviewed the information you have supplied through the CFPB portal and directly to Equifax. In your complaint, you indicated there were items appearing on your credit report inaccurately reporting. The Results of Our Reinvestigation: We have reviewed your concerns and our conclusions are: Please be specific with your concerns by listing the account names, numbers, and the nature of the dispute." (Exhibit 1).

21. On November 2, 2018, Plaintiff sent Defendant a Freeze Request Form, asking Defendant yet again to permanently remove the existing freeze from his account. A copy of that request is attached as **Exhibit 2**.

22. As of November 14, 2018, Plaintiff's credit file from Defendant was still blocked, so sent Defendant another letter asking to remove the security freeze from his account.

23. On November 27, 2018, Defendant sent Plaintiff a letter stating that Defendant put a security freeze on Plaintiff's account. That is the opposite of what Plaintiff requested.

24. Plaintiff did not, at any point, request that any type of freeze be placed on his credit file.

25. As a result of Defendant's improper freeze and refusal to remove it, Plaintiff has been denied access to credit.

## COUNT I
### Willful Noncompliance with the FCRA
### (15 U.S.C. § 1681n)

26. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

27. Defendant willfully failed to comply with the requirements imposed under the FCRA, including but not limited to the failure to remove a security freeze placed on Plaintiff's consumer report upon Plaintiff's direct request, in violation of 15 USC § 1681c-1(i)(3), subsections (A)(i) and (C)(ii).

28. As a result of Defendant's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation.

29. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

30. Plaintiff is entitled to reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for actual damages, statutory damages, punitive damages, enjoinder form further violations of these parts, attorney's fees and costs and any other such relief the Court may deem appropriate.

### COUNT II
### Negligent Noncompliance with the FCRA
### (15 U.S.C. § 1681o)

31. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

32. Defendant negligently failed to comply with the requirements imposed under the FCRA, including but not limited to the failure to remove a security freeze placed on Plaintiff's consumer report upon Plaintiff's direct request, in violation of 15 USC § 1681c-1(i)(3), subsections (A)(i) and (C)(ii).

33. As a result of Defendant's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation.

34. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

35. Plaintiff is entitled to reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for actual damages, statutory damages, enjoinder form further violations of these parts, attorney's fees and costs and any other such relief the Court may deem appropriate.

Respectfully submitted,

/s/ Joshua R. Kersey

_____
Joshua R. Kersey
Florida Bar No. 87578
MORGAN & MORGAN, PA
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 225-6734
Fax:    (813) 222-2490
jkersey@forthepeople.com
cheyennereed@forthepeople.com
Attorney for Plaintiff